IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY PATTERSON )
)
v. ) NO. 3:11-0885
)
BETH GENTRY, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMENDATION

By Order entered September 21, 2011 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 8) of Defendants Daron Hall and Beth Gentry, to which the plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis on September 16, 2011, seeking damages under 42 U.S.C. § 1983 based on events that occurred while he was confined as an inmate

---

[1] By Order entered December 16, 2011 (Docket Entry No. 10), the plaintiff was notified of the motion and given a deadline of January 27, 2012, to file a response. The return receipt card indicates that "Jo E. Patterson" received a copy of the Order. See Docket Entry No. 12.

at the Davidson County Criminal Justice Center ("CJC") in the summer of 2011.[2] Named as defendants are Davidson County Sheriff Daron Hall and Beth Gentry, the Classification Manager at CJC. The plaintiff alleges that he is a handicapped inmate who has some type of chronic orthopedic condition with his foot. He contends that, although the medical staff at the CJC prescribed and approved for him a walking boot, he has not been moved to a special needs unit. He contends that he has difficulty showering and using the toilet and feels intimidated by other inmates in his unit who are not physically handicapped. He also contends that his safety and well-being have been jeopardized and that he has been racially profiled by Defendant Gentry.

Defendants Hall and Gentry seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff fails to state a claim against them upon which relief can be granted. Defendant Hall asserts that no factual allegations are made against him in the complaint and that he has been sued only because of his official position. Defendant Gentry contends that the only factual allegation which is directed at her is that she "racially profiled" the plaintiff. However, Defendant Gentry argues that this allegation is conclusory and is unsupported by any specific factual allegations. Defendants also raise the defense of qualified immunity.

In addition to Defendants Hall and Gentry, the plaintiff attempted to have a summons served on the "classification department," but it was returned unexecuted. See Docket Entry No. 15. Because the "classification department" was not actually named in the Complaint and is not a legal

---

[2] The plaintiff was confined in the CJC at the time he filed his complaint but he provided a free world mailing address of 150 Oak Park Drive, Nashville, TN 37204, which is the address of record for him in the action. See Complaint (Docket Entry No. 1, at 2-3). The Court notes that in another case filed by the plaintiff in this Court, Patterson v. Medical Dep't., 3:11-0789, court mail sent to the plaintiff on November 7, 2011, was returned undelivered with the notation "released 11/8/11." The record indicates that the plaintiff has not had contact with the Court in this case since returning service packets for the defendants in September 2011.

2

entity that can be sued under Section 1983, the Court deems Hall and Gentry to be the only defendants in this action. To the extent that the "classification manager" is listed as a separate defendant on the docket, the Court finds that the plaintiff's complaint did not name the "classification manager" as a separate defendant. Rather, the plaintiff described Defendant Gentry as the "classification manager."

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.;

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The Defendants' motion to dismiss should be granted. Even when given the most liberal reading, the plaintiff's complaint simply fails to allege facts sufficient to state plausible legal claims for relief against either Defendant under Section 1983.

In order for a defendant to be held individually liable under 42 U.S.C. § 1983 there must be facts showing that the defendant was personally involved in some manner in the unconstitutional conduct at issue. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992).

The plaintiff's complaint is devoid of any factual allegations showing that Defendant Hall personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required for a claim against him. As such, there is no basis in the complaint for a plausible claim of individual liability against Defendant Hall. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because liability under Section 1983 cannot be

4

based on respondeat superior merely because of a defendant's supervisory position, Defendant Hall's status as Sheriff of Davidson County cannot be a basis for a claim against him. See Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008).

With respect to Defendant Gentry, the only specific factual allegation made against her is that she "racially profiled" the plaintiff. Although such an allegation touches upon the protections of the Fourteenth Amendment, this allegations is vague, conclusory, and simply too sparse to support a viable claim against Gentry. To the extent that the plaintiff's allegation that he should have been reclassified to a special needs unit can be attributed to Defendant Gentry, the CJC Classification Manger, the plaintiff's mere dissatisfaction with where he was housed at the CJC fails to support a constitutional claim. He offers no factual support for his conclusory assertion that his health and safety were put in jeopardy because of his housing situation and his contention that he faced challenges in "using the toilet and showering" is not supported by factual allegations which show that these conditions approached the level of severity needed to state a constitutional claim. See Hick v. Frey, 992 F.2d 1450 (6th Cir. 1993); Parrish v. Johnson, 800 F.2d 600 (6th Cir. 1986).

To state a claim for relief, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983, see Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985), and the Court is not required to conjure up unpled

allegations to support conclusory claims. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's allegations are simply too vague and conclusory to support constitutional claims.[3]

To the extent that the Defendants are sued in their official capacities in addition to their individual capacities, any such claims also warrant dismissal. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir. 2008), cert. denied 555 U.S. 1126, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009). However, any claim based on a theory of municipal liability must have factual support for the conclusion that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the municipal defendant. Monell, 436 U.S. at 690-91; Matthews, 35 F.3d at 1049. In short, there must be a direct causal link between an official policy or custom and an alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404-05, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff's pleadings simply do not contain any factual allegations that support a municipal liability claim.

---

[3] Because the Court finds that the plaintiff fails to state a claim for relief against the defendants, it is not necessary to address their assertion of qualified immunity.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 8) of Defendants Daron Hall and Beth Gentry be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge